IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MICHAEL HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 CV 4063 |
| v. | ) |
| | ) **DEFENDANTS' MEMORANDUM** |
| CITY OF SILVIS, THOMAS E. LUPINSKI, | ) **IN SUPPORT OF THEIR** |
| and WILLIAM M. FOX, | ) **RULE 12(b)(1) AND 12(b)(6)** |
| | ) **MOTION TO DISMISS** |
| Defendants. | ) **PLAINTIFF'S  COMPLAINT** |
| | ) |

COMES NOW the City of Silvis, Thomas E. Lupinski, and William M. Fox, Defendants herein, by their attorneys Bozeman, Neighbour, Patton & Noe, LLP, and pursuant to Local Rule 7.1(B), submit the following Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint, and respectfully state as follows:

### I. Introduction.

In this case, Plaintiff brings a four-count Complaint against Defendants under 28 U.S.C. 1983, alleging (1) an "unlawful seizure"; (2) a violation of procedural due process; (3) municipal liability; and (4) an "invasion of privacy."  While he relies mostly on conclusory allegations, it appears from the Complaint's sparse facts that Plaintiff is alleging that his injuries arise from a purported condemnation of his real property.  For the following reasons, Plaintiff's Section 1983 claims based on this incident should be dismissed.

First, while Plaintiff has sought a federal forum to challenge the alleged condemnation of his property, he has not exhausted the state remedies available to him.  This means that the claims advanced in Counts I, II, and III of Plaintiff's Complaint are not ripe and must be dismissed for lack of subject matter jurisdiction.  Second, Plaintiff has failed to state a claim in

1

Counts III and IV because he has not alleged sufficient facts to have plausible claims for relief for municipal liability or for a Fourth Amendment violation.  Finally, even if Plaintiff has viable claims under any of his four counts, punitive damages are not available to Plaintiff and his request for them should be dismissed as a matter of law.

**II.    Counts I, II and III of Plaintiff's Complaint Should Be Dismissed, Pursuant to Rule 12(b)(1), Because These Claims Were Not Ripe Before Filing the Federal Action.**

Counts I, II and III should be dismissed because Plaintiff has not exhausted his available state remedies before bringing these causes of action.  The factual allegations of Plaintiff's Complaint establish that he is contending that his property has been improperly condemned by the City of Silvis without adequate due process.  While he labels his claims as an "improper seizure" and violation of procedural due process, Plaintiff has in fact alleged a Fifth Amendment Takings claim.   To bring such a claim in federal court, Plaintiff must have first exhausted his state remedies.  Because he has not done so, Plaintiff's Takings claim is not ripe for review and this Court should dismiss Counts I, II, and III for lack of subject matter jurisdiction. Biddison v. City of Chicago, 921 F.2d 724 (7th Cir. 1991).

As an initial matter, Count I of Plaintiff's Complaint is improperly pled as a Fourth Amendment illegal seizure claim.  Plaintiff contends that the alleged wrongdoing by Defendants have amounted to an "Unlawful Seizure." But the factual basis of the Complaint, and Plaintiff's continued use of the word "condemnation" throughout the common allegations and Count I, makes it clear that this cause of action is in fact alleging that his property has been improperly condemned.  (Compl. ¶¶ 20, 30).  Plaintiff has therefore in effect pled a Fifth Amendment "Takings/Inverse Condemnation" claim.  A "condemnation" occurs where the government takes *title away* from the owner and vests the title in itself.  27 Am. Jur. 2d *Eminent Domain* § 780.

2

Where the government takes possession of a private property interest, either by eminent domain, consent, or condemnation, it has instituted a Taking under the Fifth Amendment and must pay just compensation.  See Intertype Corp. v. Clark-Cong. Corp., 240 F.2d 375, 379 (7th Cir. 1957).

In an oft-cited opinion by Judge Easterbrook, the Seventh Circuit clearly established that an owner alleging a deprivation of their real property could not avoid exhaustion of state law remedies simply by the labeling of a claim.  River Park, Inc. v. City of Highland Park, 23 F.3d 164, 167 (7th Cir. 1994) (citation omitted).  "Labels do not matter.  A person contending that state or local regulation of the use of land has gone overboard must repair to state court."  Id.  It is clear that by challenging the property's condemnation, Count I alleges a Fifth Amendment Takings claim, not a Fourth Amendment Seizure claim. Plaintiff must therefore comply with the rules applicable to such Takings claims.

In lawsuits alleging a deprivation of a real property interest, the federal courts apply a clear ripeness standard to ensure they are not issuing premature or needless decisions. In Williamson County Reg. Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 193-94 (1985), the Supreme Court set forth a special ripeness doctrine for constitutional property rights claims which precludes federal courts from adjudicating land use disputes until: (1) the regulatory agency has had an opportunity to make a considered definitive decision, and (2) the property owner exhausts available state remedies for compensation.  It is undisputed that Illinois law provides a judicially-created remedy of inverse condemnation for property owners aggrieved by municipal legislation.  Hager v. City of W. Peoria, 84 F.3d 865 (7th Cir. 1996).  A state court action, seeking a declaration that specific municipal action is either invalid or went too far, therefore provides all the process that is due. River Park, 23 F.3d at 167.

> "The exhaustion requirement of *Williamson County* applies whether plaintiff's claim is an uncompensated taking, inverse condemnation, or due process violation. *See Williamson County,* 473 U.S. at 194–95, 199–200, 105 S.Ct. at 3120–21, 3123–24 (takings and due process claims); *River Park,* 23 F.3d at 167 (substantive or procedural due process claim); *Gamble,* 5 F.3d at 286 (takings claims); *Himelstein,* 898 F.2d at 576 (takings and substantive due process claims). That plaintiffs have sued for "inverse condemnation" with a reference to due process, whether substantive or procedural, therefore does not alter our analysis."

Hager, 84 F.3d at 869.

Plaintiff has pled in his Complaint that this matter is now before the Circuit Court in Rock Island, Illinois in administrative review. (Compl. ¶ 21). This currently pending action in the Circuit Court of the Fourteenth Judicial Circuit indeed involves the exact same facts and issues raised in the Complaint filed with this Court. See <u>Complaint For Administrative Review, Michael Huff v. Denise Bulat, Bi-State Regional Commission, Municipal Code Enforcement System, IL Office of Adjudication, Thomas Skorepa, City of Silvis and Tom Lupinski</u>, 13 MR 400, attached hereto as Exhibit A. The City of Silvis and Thomas E. Lupinski are named as Defendants in both causes of action, and the underlying facts alleged in the state court action are the same as those alleged in this Complaint. There has undisputedly been no disposition in the State Court action as reflected in the most current docket sheet, which is attached hereto as Exhibit B. Because Plaintiff has challenged these same actions in state court, and there has been no final decision, Plaintiff cannot establish that he has met the second element set forth in

Williamson.  Accordingly, Plaintiff has not exhausted his state remedies and his claims under Counts I, II, and III are not ripe for adjudication.

Where a plaintiff's claim is not ripe, the court lacks subject matter jurisdiction and must dismiss the case.  See <u>Biddison v. City of Chicago</u>, 921 F.2d 724, 726 (7th Cir. 1991) (dismissing plaintiff's Takings claim because he had not sought relief under Illinois' state inverse condemnation action).  The law is clear that "litigants who neglect or disdain their state remedies are out of court, period." See <u>Forseth v. Village of Sussex, et al.,</u> 199 F.3d 363, 372-373 (7th Cir. 2000) (citing <u>River Park</u>, 23 F.3d at 165).  Counts I, II, and III are therefore not ripe because Plaintiff has neglected and disdained his state remedies before filing this action and this Court should accordingly dismiss those counts for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).

### **III.   Count III and Count IV Should Be Dismissed Pursuant to Rule 12(b)(6) Because Plaintiff Relies on Conclusory Allegations and Does Not Plead Sufficient Factual Material.**

**A. Pleading standards under a 12(b)(6) motion to dismiss.**

To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to state a plausible claim for relief.  Under the notice pleading standards established by the Supreme Court, a complaint cannot merely have a "formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" to survive a motion to dismiss.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  See also <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Instead, a complaint must contain "sufficient factual matter" to convince the court that the plaintiff has a plausible claim.  <u>Iqbal</u>, 556 U.S. at 678.   In making this determination, the court assumes well-pled facts are true; however, the court should disregard allegations that are merely legal conclusions.  <u>Id.</u>  Where

the factual allegations are "merely consistent with" a defendant's liability, or give rise to an "obvious alternative explanation," then the plaintiff has not pled a plausible claim for relief and the complaint should be dismissed. Id. at 678, 682.

Accordingly, Plaintiff's Complaint in this cause of action must contain specific factual matter to state his claims for municipal liability and invasion of privacy. As will be shown, Plaintiff relies on mere legal conclusions and recitations of the factual elements of his claims, and therefore he cannot satisfy the notice pleading standards of Iqbal and Twombly.

### B. Count III should be dismissed because Plaintiff fails to allege sufficient factual matter to show that his injury was caused by a city policy or custom.

Even if the Court determines that the Plaintiff has sufficiently exhausted his state court remedies entitling him to bring this Complaint, this Court should alternatively dismiss Counts III as Plaintiff relies mainly on conclusory statements and recitations of the legal elements of his municipal liability claim. The facts he has alleged in this Count are entirely consistent with legal conduct on the part of Defendants, and Plaintiff has not alleged sufficient factual matter to state a plausible claim for relief.

In Count III, Plaintiff seeks to hold the City of Silvis liable for his alleged injuries. However, Plaintiff has failed to allege sufficient facts to show that his injury was caused by any city policy or custom. Municipalities can only be liable under Section 1983 when the constitutional deprivation is due to either municipal policy or custom and a municipality cannot be liable on a *respondeat superior* basis just for employing a tortfeasor. Monell v. Department of Social Serv., 436 U.S. 658 691(1978). To bring a Monell claim against a municipality under Section 1983, the plaintiff must therefore allege a constitutional violation caused by: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority. Milestone v. City of Monroe,

Wis., 665 F.3d 774, 780 (7th Cir. 2011).  In addition, a municipality may be liable under Section 1983 for a failure to train or supervise its employees only in the rare circumstances that the failure reflects a "deliberate indifference to the rights of" others.  Connick v. Thompson, 563 U.S. ___, 131 S. Ct. 1350, 1359 (2011).  These theories are the only way Plaintiff may recover from the City of Silvis under Section 1983.

Courts applying the Iqbal and Twombly pleading standards to Monell claims against a municipality have stated that a plaintiff must provide "some specific facts" to support the claim that a municipal policy or custom caused the plaintiff's injury.  See McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011).  See also Santos v. New York City, 847 F. Supp 2d 573, 577 (S.D.N.Y. 2012) ("[T]he existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory allegations of the plaintiff.").  Where the factual allegations are entirely consistent with a lawful policy or lawful conduct, then the plaintiff has not pled a plausible Monell claim.  McCauley, 671 F.3d at 619.

Here, Plaintiff fails to allege specific facts to show his injury was due to an unconstitutional policy or custom of the City of Silvis, and the facts he does allege are entirely consistent with lawful conduct.  While he alleges that he was not provided with adequate notice of the alleged condemnation, the specific factual allegations do not give rise to a reasonable inference that this is due to a policy, custom, or practice of the City of Silvis.

Initially, while Plaintiff contends that the alleged seizure of his home without due process was due to a custom or policy of the City of Silvis (Compl. ¶ 47), that allegation is not enough, since it is a mere recitation of a legal element of a Monell claim.  McCauley, 671 F.3d at 618.  Indeed, the factual allegations of the Complaint do not lead to a reasonable inference that the City of Silvis has an unconstitutional policy, custom, or practice. Plaintiff has not alleged that it

7

is the City of Silvis' explicit policy to provide no notice of condemnation, nor has he alleged facts to show that this was widespread practice or custom in the City of Silvis. The only specific factual allegations Plaintiff contends demonstrates a city policy is that Mayor Fox acted in coordination with Lupinski and official placards were used. (Compl. ¶ 47). However, Plaintiff alleges no specific facts to show that Mayor Fox acted in concert with Lupinski. Moreover, the use of "official placards" is entirely consistent with a lawful policy; it does not show an unlawful practice on the part of the City of Silvis condemning homes without notice.

Second, Plaintiff seeks to make the City of Silvis liable because he alleges that Mayor Fox has final policymaking authority and he acted "in concert" with Lupinski. (Compl. ¶ 47). However, Plaintiff fails to allege any specific act performed by Mayor Fox which led to his injury. The only factual allegation pertaining to Mayor Fox is that, after Plaintiff filed his notice of appeal, Mayor Fox told Plaintiff that he would need to appear for a hearing. (Compl. ¶ 18). This allegation of fact is entirely consistent with lawful conduct. It does not, even remotely, lead to an inference that Plaintiff's injury was caused by an unconstitutional decision on the part of Mayor Fox.

Finally, while Plaintiff asserts that Mayor Fox is liable as a policy maker for his failure to supervise (Compl. ¶ 46), he cites no specific facts to support this claim. He just makes a conclusory allegation of failure to supervise, which is insufficient to survive a motion to dismiss. McCauley, 671 F.3d at 618. Additionally, a failure to supervise claim requires the City's actions demonstrate a deliberate indifference to the rights of others. Connick, 563 U.S. at __, 131 S. Ct. at 1359. Plaintiff has not even included a recitation of this necessary legal element in his Complaint, let alone specific facts that would support such an allegation.

In sum, Plaintiff has purely relied on conclusory allegations in Count III that recite the legal elements of a Monell claim. He has not alleged sufficient factual matter to show that his injury is due to a City policy or custom, and Count III should therefore be dismissed.

### C. Count IV should be dismissed because Plaintiff fails to allege sufficient factual matter to raise a plausible claim that there was an unreasonable search of the curtilage of his home.

Count IV of Plaintiff's Complaint makes the conclusory allegation that his right to privacy was violated because Defendant Lupinski entered onto the "curtilage" of his property. However, much like the other portions of his Complaint, Plaintiff only recites a legal conclusion that Lupinski unreasonably went onto the curtilage, and he fails to allege sufficient facts to raise a plausible Fourth Amendment violation.[1] Accordingly, Count IV should be dismissed.

While Plaintiff makes the conclusory allegation that the curtilage of his property was violated, the Complaint's lack of any factual detail does not allow a reasonable inference any violation occurred. The Fourth Amendment protects against unreasonable searches of the "curtilage" of a person's property, which is an area intimately associated with the home where a person would have a reasonable expectation of privacy. United States v. Dunn, 480 U.S. 294, 300 (1987). However, there are limits on what is protected by the curtilage. What is subject to "plain view", and can be visually observed from a public place, is not private and raises no Fourth Amendment issue. California v. Ciraolo, 476 U.S. 207, 215 (1986). In addition, open

---

[1] While it is somewhat unclear from his Complaint because he labels Count IV as an invasion of his right to privacy, Defendants believe that Plaintiff is attempting to allege an unreasonable search of his property in violation of the Fourth Amendment. If Plaintiff is attempting to allege a violation of a general constitutional right to privacy, Defendants note that "there is no general constitutional right to privacy; rather, the 'right to privacy' has been limited to matters of reproduction, contraception, abortion, and marriage." Lynn v. O'Leary, 264 F. Supp. 2d 306, 311 (D. Md. 2003) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 252 (4th Cir.1999)). Where a plaintiff does not allege facts showing an infringement of any such matters, his Section 1983 invasion of privacy claim will be dismissed. Id.

fields are not part of the curtilage and are not protected by the Fourth Amendment.  Dunn, 480 U.S. at 300.

In addition, whether a piece of real property is part of the curtilage is a *factual* determination.  U. S. ex rel. Saiken v. Bensinger, 546 F.2d 1292, 1295 (7th Cir. 1976).  See also United States v. Reilly, 76 F.3d 1271, 1275 (2d Cir. 1996) (citing Bensinger for the proposition that a curtilage determination is a factual issue), on reh'g, 91 F.3d 331.  To determine whether a piece of property falls within the curtilage, the courts look to facts underlying four factors: (1) the proximity of the area claimed to be curtilage to the home, (2) whether the area is included within an enclosure surrounding the home, (3) the nature of the uses to which the area is put, and (4) the steps taken by the resident to protect the area from observation by people passing by.  Dunn, 480 U.S. at 301.

In this case, Plaintiff merely alleges that Lupinksi repeatedly entered "onto the curtilage" of Plaintiff's home without permission or a warrant.  (Compl. ¶¶ 13, 52-53).  Missing from Plaintiff's Complaint are any specific factual allegations as to where on the property Lupinski was allegedly located during the times of his alleged invasion of privacy.  Without any specific factual allegations, it is impossible to infer from the Complaint whether Lupinski was in an area that would be afforded the protection of the curtilage or not.  Plaintiff has merely made a "naked assertion devoid of further factual enhancement" that Lupinksi was in the curtilage, which is a legal conclusion and therefore insufficient to state a claim for relief.  See Iqbal, 556 U.S. at 678.  Accordingly, Count IV of Plaintiff's Complaint should also be dismissed as a matter of law.

### IV.  Plaintiff's Punitive Damages Allegations Should Also Be Dismissed under 12(b)(6) as A Matter of Law.

If this Court determines that any of Plaintiff's claims are viable, it should alternatively dismiss Plaintiff's request for punitive damages, because Defendants are immune from punitive

damages under the allegations plead in Plaintiff's Complaint. The Supreme Court has held that municipalities are absolutely immune from punitive damages for Section 1983 claims. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Furthermore, individual municipal officials are immune from punitive damages if they are sued in their official capacity. Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir. 1991). See also Powell v. Alexander, 391 F.3d 1, 23 (1st Cir. 2004) ("[P]unitive damages are not available against governmental officials sued in their official capacities.").

In this case, the City of Silvis is absolutely immune from punitive damages based upon the allegations and Section 1983 claims set forth in Plaintiff's Complaint. Both Defendant Lupinski and Defendant Fox are likewise immune from punitive damages because they have been sued in their official capacity. While Plaintiff has not explicitly designated this as an individual-capacity or official-capacity suit, that is not necessarily controlling. Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2000). Instead, the Court should consider the allegations in the complaint and nature of the relief sought to determine if the suit is against the defendants in their official capacity. See id. If a complaint refers to the defendant by official title and alleges that a government policy or custom caused the constitutional injury, it is therefore determined to be an official-capacity suit. Id. (citing Hill, 924 F.2d at 1373).

Here, Plaintiff's allegations clearly reflect that he is bringing an official-capacity suit against Defendants Lupinski and Fox. Plaintiff alleges that Defendant Lupinski was acting in the scope of his employment (Compl. ¶ 2), and that he was at all times material to the suit "acting in his official capacity as Building Inspector." (Compl. ¶ 7). Plaintiff also alleges that Defendant Fox was Mayor of the City with the power to monitor employees and "craft the customs and policies" of the City. (Compl. ¶ 8). In addition, Plaintiff alleges that Lupinski's and Fox's

actions were pursuant to a policy or custom of the City. (Compl. ¶ 47). These allegations clearly reflect that Plaintiff seeks to hold Defendants Lupinski and Fox liable in their official capacities. Therefore, punitive damages cannot be awarded against them individually and Plaintiff's request for punitive damages should be stricken and dismissed.

### V. Conclusion.

Plaintiff's Section 1983 action must be dismissed as a matter of law. Because he has not exhausted his state remedies for the claims relating to the alleged condemnation of his property, Counts I, II, and III should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff also fails to allege sufficient factual matter to state a municipal liability claim against the City under Count III, to state a claim for an unreasonable search under Count IV, or to request punitive damages. Those portions of the Complaint should be dismissed, as a matter of law, pursuant to Rule 12(b)(6).

                                                  CITY OF SILVIS, THOMAS E. LUPINSKI and WILLIAM M. FOX, Defendants,

                                                  By _____/s/ Jeffrey D. Jacobs_____
                                                           Attorney for Defendants

Jeffrey D. Jacobs
Jeffrey D. Martens
BOZEMAN, NEIGHBOUR, PATTON & NOE, LLP
Fifth Avenue Building
1630 Fifth Avenue
P.O. Box 659
Moline, IL  61266-0659
Phone:  (309) 797-0850
Fax:  (309) 764-1371
E-mail:  jjacobs@bnpn.com
E-mail:  jmartens@bnpn.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2014, I electronically filed with the Clerk of Court the foregoing instrument using the CM-ECF system which will send notification of such filing to the following:

>Puryear Law P.C.
>3719 Bridge Avenue, Suite 6
>Davenport, Iowa 52807

>_____/s/  Jeffrey D. Jacobs_____