UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MICHAEL HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-04063-SLD-JEH |
| | ) |
| THOMAS E. LUPINSKI, WILLIAM M. | ) |
| FOX, and CITY OF SILVIS | ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff Michael Huff is suing the City of Silvis ("Silvis"), William Fox, and Thomas Lupinski for declaring it unlawful for him to occupy a home he owns. Plaintiff alleges four violations of 42 U.S.C. § 1983, and seeks injunctive relief, damages, and attorney's fees. Before the Court is Defendants' Motion to Dismiss, ECF No. 9. For the following reasons, the Motion to Dismiss is GRANTED. Plaintiff requests oral argument in his Response to the Motion to Dismiss. That request is denied.

**BACKGROUND[1]**

Michael Huff owns a single-family home in Silvis, Illinois. In July 2012, a dispute arose about weeds and other conditions at Huff's home. Thomas Lupinski, Silvis's Building Inspector, began entering Huff's property without permission and photographing the property. On July 6, 2012, Huff received a notice of an ordinance violation. Huff appealed the notice, and, on July

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Complaint, ECF No. 1.

1

19, sent notice of his appeal. On July 23 or 24, placards were placed on the home. The placards stated that further occupancy of the home was unlawful due to the immediate and continuing hazard to Silvis and its residents. Huff was not provided with notice of what the signs meant by "immediate and continuing hazard." Huff has been without access to the home since the signs were put up.

The City subsequently responded to Huff's notice of appeal. His appeal has proceeded and is before the Circuit Court in Rock Island. Huff has never been notified that his house has been condemned.

## DISCUSSION

Plaintiff alleges four violations of his constitutional rights pursuant to 42 U.S.C. § 1983: (I) an unlawful seizure claim against all defendants, (II) a procedural due process claim against all defendants, (III) a procedural due process *Monell* claim against Silvis, and (IV) an "invasion of privacy" claim supposedly arising under the Fourth Amendment. Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Counts I-III because they are not yet ripe, Mem. Supp. Mot. Dismiss 2–5. Defendants move pursuant to Rule 12(b)(6) to dismiss Counts III and IV because they fail to state a claim upon which relief can be granted. *Id.* at 5–10. Finally, Defendants move in the alternative to dismiss Plaintiff's request for punitive damages because punitive damages are not available against a municipality. *Id.* at 10–12. Because the Court dismisses all four Counts, it addresses only Defendants' arguments as to Rules 12(b)(1) and 12(b)(6).

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### A. Legal Standard

There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) facial attacks, which "require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); and (2) factual attacks, which challenge the truth of the jurisdictional facts alleged in the pleadings, generally via the challenger's external facts, *see id.* at 444. In reviewing a facial attack, the court "must consider the allegations of the complaint as true." *Id.*

#### B. Ripeness

Federal courts have subject matter jurisdiction only over cases or controversies. U.S. Const., Art. III, § 2. "One important element of the 'case' or 'controversy' is satisfying the ripeness doctrine." *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1002 (7th Cir. 2004). The basic purpose of ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) (overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). A plaintiff has the burden of showing that a case is ripe for adjudication. *See Ostergren v. Village of Oak Lawn*, 125 F.Supp.2d 312, 323 (N.D. Ill. 2000).

The Supreme Court has articulated a special ripeness doctrine for constitutional property rights. Federal courts may not adjudicate land use or zoning disputes until: "(1) the regulatory

agency has had an opportunity to make a considered definitive decision, and (2) the property owner exhausts available state remedies for compensation." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citing W*illiamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193–94 (1985)). The Seventh Circuit has cautioned that, despite the requirement that a litigant pursue all his available state remedies, *Williamson*'s rule is not a doctrine of exhaustion but "rather the idea . . . is that the due process clause permits municipalities to use political methods to decide, so that the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir.1994). In other words, state and local governments are permitted to determine for themselves the amount of process due in the deprivation of an individual's property rights, because the Constitution does not supply it. *Id. Williamson* and *River Park* leave open the possibility that the complete application of such procedures, and their challenge in state court, might finally result either in an uncompensated taking in violation of the Fifth Amendment, or a violation of some core right under the Fourteenth Amendment; but with respect to the latter, the Seventh Circuit has expressed extreme skepticism. *See id* ("True, there remains some possibility that a taking for a private use would violate the Constitution (perhaps under the rubric of substantive due process), but this esoteric concern has no pertinence here . . . ."); *Williamson*, 473 U.S. 193–94.

When applying this ripeness analysis to land use claims, it does not matter how creatively a plaintiff pleads his complaint, or what specific cause of action is alleged. *River Park*, 23 F.3d at 167 ("[A] property owner may not avoid *Williamson* by applying the label 'substantive due process' to the claim. So too with the label 'procedural due process.' Labels do not matter. A

4

person contending that state or local regulation of the use of land has gone overboard must repair to state court." (internal citation omitted)).

### C. Analysis

Defendants argue that Counts I–III should be dismissed because the Complaint does not allege that Plaintiff has adequately exhausted his state remedies, and thus, the case is not ripe for adjudication. Mem. Supp. Mot. Dismiss 2. Defendants also argue that Count I, while brought as an illegal seizure claim under the Fourth Amendment, is actually a Fifth Amendment takings clause claim. *Id.*

The application of the Fourth Amendment to a dispute about health and safety regulations is surely atypical. However, if the Court lacks jurisdiction over the dispute at issue, it does not matter how artfully or unusually, or under how many different amendments to the Constitution the claim is pleaded. Under whatever theory of liability plaintiff proceeds, the Court lacks jurisdiction until the issue is ripe. As *Williamson* makes clear, Plaintiff is essentially alleging he was injured as a result of local land regulation. This Court may not adjudicate his claim until the regulatory agency in question has issued a considered, definitive decision, and the property owner has pursued his state remedies. *Forseth*, 199 F.3d 363, 368; *Williamson*, 473 U.S. 193–94. It is Plaintiff's burden to show that this jurisdictional requirement has been satisfied. He has failed to do so. Indeed, the Complaint states the matter is currently before the Circuit Court of Rock Island County in administrative review. Compl. ¶¶ 21.[2] The Complaint does not come close to clearly detailing whether the regulatory agency in question has issued a considered, definitive decision, and whether Plaintiff has pursued his available state remedies. The Court

---

[2] Paragraph 21 belies Plaintiff's conclusory allegations that the claim has been fully adjudicated. *See* Compl. ¶¶ 22, 23 (stating "attempts to address the seizure of the property were fruitless," and that he has "not been given a meaningful opportunity for hearing either predeprivation or postdeprivation").

lacks subject matter jurisdiction over Plaintiff's Fourth Amendment claim, because no justiciable harm has been alleged. Defendants' Motion to Dismiss is granted as to Count I.

For the same reason, the Court lacks jurisdiction over the more typical procedural due process and *Monell* claims in Counts II and III. Both of these Counts allege that in placing placards on Plaintiff's property, the City and its agents deprived Plaintiff of property without due process. Plaintiff does not allege that there has been a final agency decision made, or that he has exhausted his state law remedies. Neither claim is ripe. Defendants' Motion to Dismiss is granted as to Counts II–III.

## II.     Motion to Dismiss for Failure to State a Claim

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a particular claim. Instead, it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "'fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). In sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

6

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In doing so, the facts set forth in the complaint are viewed "in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (citing *Twombly*, 550 U.S. 544 (2007)) (conclusory allegations are "not entitled to be assumed true").

**B. Analysis**

Defendants argue that Plaintiff does not plead sufficient facts to state a claim for the city's *Monell* liability in Count III, or invasion of privacy in Count IV. The Court, having found that it lacks subject matter jurisdiction as to Count III, considers only Count IV.

Confusingly, Plaintiff argues that Count IV of his § 1983 claim arises under his "right to privacy under the Fourth and Fourteenth Amendment." Compl. ¶ 50. However, the Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourteenth Amendment "protects privacy rights by guaranteeing rights of marriage, procreation, contraception, family relationships, child rearing and education without government interference," *Dick v. Gainer*, 172 F.3d 52 (7th Cir. 1998), and Plaintiff does not allege his rights have been violated in any of those respects. Rather, the language Plaintiff uses in the rest of his description of Count IV suggests that he means to allege that Defendant Lupinski violated his reasonable expectation of privacy in his home by entering onto the curtilage of that home and

conducting an unreasonable search—taking pictures. Compl. ¶¶ 51, 52. Properly understood, Plaintiff brings a Fourth Amendment claim that is not concerned with a right to privacy.[3]

Plaintiff asserts that Lupinski entered the curtilage of his home. Compl. ¶ 13. "Curtilage" is a term of art designating the region immediately surrounding one's house, associated with the intimacy and privacy of the home. *Oliver v. United States*, 466 U.S. 170, 180 (1984). Whether some area is or is not curtilage is a legal determination "resolved with particular reference to four factors: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." *United States v. Dunn*, 480 U.S. 294, 301 (1987). The Court declines to credit Plaintiff's bare legal assertion that Lupinski entered the curtilage of his home. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Omitting this allegation from the analysis, there are no other allegations in the complaint tending to suggest that Lupinski entered anywhere on Plaintiff's property, let alone the curtilage (or that such entry was an illegal search). At most, the allegation that placards were placed on the house suggests that someone put them there. Plaintiff has alleged almost no facts to support Count IV, and after the lightest brush of the *Iqbal* review standard, he has alleged none at all. The Fourth Amendment claim in Count IV fails. Defendants' motion as to Count IV is granted.

Plaintiff begs leave to amend his Complaint, should the Court find it wanting as to Count IV. Mem. Sup. Resp. Mot. Dismiss 5, ECF No. 13. The Court grants Plaintiff leave to refile as

---

[3] The Fourth Amendment is, of course, incorporated against states by the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 660 (1961).

to this Count, but cautions him that he must allege clearly the proper elements of this cause of action, as well as facts sufficient to make plausible his entitlement to relief.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss, ECF No. 9, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED, with leave granted to refile the Fourth Amendment claim lodged in Count IV of the original Complaint, consistent with this Order.

Entered this 20th day of March, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE